IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SARAH CORDOVA,

     Plaintiff,

v.                                  No. 1:23-cv-905

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendants.

## STATE FARM'S ANSWER TO
## PLAINTIFF'S COMPLAINT

Defendant State Farm Mutual Automobile Insurance Company (State Farm), by and through its attorneys, Riley | Keller | Alderete | Gonzales (Courtenay L. Keller and Taryn M. Kaselonis), submits its Answer to Plaintiff's *Complaint for Negligence, Uninsured Motorist Benefits Under a Contract of Insurance, Violations of the Unfair Practices Act, Violations of the Trade Practices and Fraud Act, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Contract, and for Declaratory Judgment* filed on 09/06/23 in the Second Judicial District Court, County of Bernalillo, State of New Mexico and removed to this Court on 10/17/23 (Complaint) as follows:

## RESPONSE TO ALLEGATIONS

This Defendant responds to the allegations in the Complaint as follows:

1.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 1 and it is denied.

2.    In response to paragraph 2, this Defendant admits it is a non-resident insurance

company authorized by the New Mexico Superintendent of Insurance to transact business in New Mexico.  This paragraph is otherwise denied.

       3.      In response to paragraph 3, this Defendant admits it acted through its adjusters. This Defendant denies all wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations of paragraph 3, and, therefore, denies same.

       4.      In response to paragraph 4, this Defendant admits it acted through its adjusters. This Defendant denies all wrongdoing and states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations of paragraph 4, and, therefore, denies same.

       5.      This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 5 and it is denied.

       6.      In response to paragraph 6, this Defendant admits the United States District Court for the District of New Mexico has jurisdiction over the parties and subject matter and that venue is proper in this District. This Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations stated in paragraph 6 and, therefore, denies same.

       7.      This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has

insufficient information upon which to form a belief as to the truth of the allegations in paragraph 7 and it is denied.

8.      This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 8 and it is denied.

9.      This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 9 and it is denied.

10.      This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 10 and it is denied.

11.      This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 11 and it is denied.

12.      The assertions in paragraph 12 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has

insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

13.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 13 and it is denied.

14.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 14 and it is denied.

15.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 15 and it is denied.

16.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 16 and it is denied.

17.    This Defendant denies the allegations in paragraph 17.

18.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has

insufficient information upon which to form a belief as to the truth of the allegations in paragraph 18 and it is denied.

19.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 19 and it is denied.

20.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 20 and it is denied.

21.    In response to paragraph 21, this Defendant admits it sent a letter to Plaintiff's counsel dated 07/21/23 which speaks for itself and denies any allegations inconsistent with the 07/21/23 letter.

22.    Paragraph 22 does not include any allegations of fact and does not warrant a response by this Defendant.  To the extent a response is deemed necessary by the Court, this paragraph is denied.

23.    Paragraph 23 is mere surplusage to which no response is required.

24.    Paragraph 24 does not include any allegations of fact and does not warrant a response by this Defendant.  To the extent a response is deemed necessary by the Court, this paragraph is denied.

25.    The assertions in paragraph 25 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on

factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

26.     This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 26 and it is denied.

27.     This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 27 and it is denied.

28.     Paragraph 28 is mere surplusage to which no response is required.

29.     The assertions in paragraph 29 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

30.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 30 and it is denied.

31.    The assertions in paragraph 31 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

32.    Paragraph 32 is mere surplusage to which no response is required.

33.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 33 and it is denied.

34.    The assertions in paragraph 34 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in

this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

35. This Defendant denies the allegations in paragraph 35 a-c.

36. This Defendant denies the allegations in paragraph 36 a.

37. This Defendant denies the allegations in paragraph 37.

38. This Defendant denies the allegations in paragraph 38.

39. This Defendant denies the allegations in paragraph 39.

40. This Defendant denies the allegations in paragraph 40.

41. Paragraph 41 is mere surplusage to which no response is required.

42. The assertions in paragraph 42 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

43. The assertions in paragraph 43 a-f constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations

in this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

44.     This Defendant denies the allegations in paragraph 44.

45.     This Defendant denies the allegations in paragraph 45 a-b.

46.     This Defendant denies the allegations in paragraph 46.

47.     Paragraph 47 is mere surplusage to which no response is required.

48.     The assertions in paragraph 48 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

49.     This Defendant denies the allegations in paragraph 49.

50.     Paragraph 50 is mere surplusage to which no response is required.

51.     The assertions in paragraph 51 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in

this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

52.     This Defendant denies the allegations in paragraph 52.

53.     This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 53 and it is denied.

54.     This Defendant denies the allegations in paragraph 54.

55.     Paragraph 55 is mere surplusage to which no response is required.

56.     Paragraph 56 does not include any allegations of fact and does not warrant a response by this Defendant.  To the extent a response is deemed necessary by the Court, this paragraph is denied.

57.     The assertions in paragraph 57 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

58.     This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has

insufficient information upon which to form a belief as to the truth of the allegations in paragraph 58 and it is denied.

59.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 59 and it is denied.

60.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 60 and it is denied.

61.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 61 and it is denied.

62.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 62 and it is denied.

63.    This Defendant denies the allegations in paragraph 63.

64.    This Defendant denies the allegations in paragraph 64.

65.    This Defendant denies the allegations in paragraph 65.

66.    This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim.  Therefore, at this time, this Defendant has

insufficient information upon which to form a belief as to the truth of the allegations in paragraph 66 and it is denied.

67.    The assertions in paragraph 67 constitute legal conclusions to which this Defendant is not obligated to respond.  This Defendant denies all assertions to the extent they are inconsistent with New Mexico law.  To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied.  To the extent a further response is required, this paragraph is denied.

68.    This Defendant denies the allegations in paragraph 68.

69.    This Defendant denies the allegations in paragraph 69.

## AFFIRMATIVE AND OTHER ANTICIPATED DEFENSES

1.    Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred because there is no coverage for the claimed injuries and damages under the subject policy.  Insofar as a court of law determines there is coverage available under the subject policy, the following additional defenses may apply.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault.

4.    Plaintiff's claims are barred, in whole or in part, insofar as the claimed damages were not caused by the auto accident that is the subject of the Complaint.

5.      Plaintiff's claims may be barred or reduced to the extent she fails or has failed to mitigate her damages.

6.      Plaintiff's claim for policy benefits may be subject to reduction or offset for amounts paid under other insurance coverage that is available for the damages Plaintiff alleges she sustained as a result of the auto accident that is the subject of the Complaint.

7.      Plaintiff's claims for extra-contractual damages are barred because this Defendant has fully performed and continues to perform its obligations under the subject policy.

8.      Plaintiff's claims for extra-contractual damages are barred because this Defendant has and continues to act in good faith and deal fairly with its policyholder.

9.      Plaintiff's claims for extra-contractual damages are barred because this Defendant acted reasonably under the circumstances in this case.

10.     Plaintiff's claims for extra-contractual damages are barred because this Defendant's reasons for not paying Plaintiff's claim for policy benefits or the amount of policy benefits demanded by Plaintiff are reasonable under the terms of the subject policy and are neither frivolous nor unfounded.

11.     Plaintiff's claims for policy benefits and extra-contractual damages are barred because a genuine dispute exists between the parties regarding whether and to what extent there is coverage for the claimed damages under the subject policy.

12.     Plaintiff's claims for policy benefits and extra-contractual damages are barred, in whole or in part, because payment of policy benefits in this case depends on issues of fact that are "fairly debatable," and because New Mexico law has expressly recognized that an uninsured/underinsured motorist insurer assumes an adversary role in defending and evaluating

uninsured/underinsured motorist claims, therefore, this Defendant is entitled under New Mexico law to due process and to debate those issues.

13.     Plaintiff's claims for policy benefits and extra-contractual damages are barred because this Defendant owes no duty to pay claims it reasonably believes to be without merit or over-valued.

14.     Plaintiff's claims are barred insofar as this Defendant breached no duty owed to Plaintiff.

15.     Plaintiff's claims are barred in whole or in part to the extent Plaintiff suffered no injuries or damages caused by this Defendant's alleged acts or omissions.

16.     Plaintiff's claimed extra-contractual damages are barred because this Defendant has complied with and fully performed all statutory and common law duties owed to Plaintiff under New Mexico law.

17.     Plaintiff's claims for policy benefits and extra-contractual damages are barred insofar as Plaintiff has failed to comply with Plaintiff's obligations under the terms and conditions of the applicable policy.

18.     Plaintiff's claims for policy benefits and extra-contractual damages are barred insofar as Plaintiff has failed to meet one or more conditions precedent under the subject policy.

19.     Plaintiff's claims for policy benefits and extra-contractual damages may be barred by the terms, conditions, definitions, and/or exclusions included in the applicable policy.

20.     Plaintiff's claims are barred insofar as she seeks damages, costs, expenses, attorneys' fees, and interest under theories that are contrary to New Mexico law.

21.     Plaintiff's claims are barred or should be reduced insofar as they do not comport with applicable provisions of the New Mexico Insurance Code.

22.     Plaintiff may be liable to this Defendant under NMSA 1978, Section 59A-16-30 (A) if it is shown that Plaintiff knowingly brought a groundless action.

23.     Plaintiff's claims for punitive damages are barred by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by the New Mexico Constitution insofar as those provisions prohibit the improper taking of property, cruel and unusual punishment, and denial of due process and equal protection of the laws.

24.     Plaintiff's claims may be barred under the doctrines of waiver and estoppel, accord and satisfaction, and unclean hands.

25.     Plaintiff's claims may be barred by the applicable statute of limitations and the doctrine of laches.

26.     Plaintiff's claims may be barred insofar as they are not yet ripe as a matter of New Mexico law.

27.     Any claim seeking to impose joint and several liability may be barred by New Mexico law.

28.     One or more of the Plaintiff's claims may be barred for lack of standing.

29.     This Defendant has not knowingly or intentionally waived any applicable defense or claim in this matter and reserves the right to amend and/or supplement its pleading and/or its defenses as discovery proceeds and insofar as independent investigation, legal research, and analysis by counsel for this Defendant reveals additional facts, adds meaning to known facts, leads to entirely new factual conclusions and legal contentions.

## JURY DEMAND

This Defendant hereby demands a 12-person jury.

Any allegation in the Complaint to which a sufficient response has not been made is hereby denied.

This Defendant reserves the right to amend its pleading to assert cross claims, counterclaims, and/or third-party claims.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company, having responded to Plaintiff's Complaint in full, respectfully requests that the Court enter an order of dismissal with prejudice, award its costs and fees, and grant such other and further relief as may be just and proper.

Respectfully submitted:

**RILEY | KELLER | ALDERETE | GONZALES**

By: */s/ Taryn M. Kaselonis (electronically filed)*
**COURTENAY L. KELLER**
**TARYN M. KASELONIS**
3880 Osuna Road NE
Albuquerque, NM  87109
(505) 883-5030
ckeller@rileynmlaw.com
tkaselonis@rileynmlaw.com
*Attorneys for State Farm Mutual*
*Automobile Insurance Company*

16

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 17th day of October 2023, the foregoing was electronically filed through the CM/ECF filing system, causing counsel of record to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the same day to the following:

Benjamin Hancock
6121 Indian School Rd. NW, Suite 206
Albuquerque, NM 87110
(505) 508-4343
ben@benhancocklaw.com
*Attorneys for Plaintiff*

 */s/ Taryn M. Kaselonis*
**TARYN M. KASELONIS**